Panthi v. Sessions

BIA
Christensen, IJ
A205 239 154

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand seventeen.

PRESENT:
>     DENNIS JACOBS,
>     PIERRE N. LEVAL,
>     RAYMOND J. LOHIER, JR.,
>          *Circuit Judges.*

_____

SUMAN PANTHI,
>     *Petitioner,*

>     v.                                      16-1098
>                                             NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>     *Respondent.*

_____

**FOR PETITIONER:**          Stuart Altman, New York, NY.

**FOR RESPONDENT:**          Joyce R. Branda, Acting Assistant
                             Attorney General, Greg D. Mack,
                             Senior Litigation Counsel,
                             Christina P. Greer, Trial Attorney,
                             Office of Immigration Litigation,
                             United States Department of Justice,
                             Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Suman Panthi, a native and citizen of Nepal, seeks review of a March 14, 2016, decision of the BIA affirming a January 6, 2015, decision of an Immigration Judge ("IJ") denying Panthi's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Suman Panthi,* No. A205 239 154 (B.I.A. Mar. 14, 2016), *aff'g* No. A205 239 154 (Immig. Ct. N.Y. City Jan. 6, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the plausibility of an applicant's account or inconsistencies in her statements

2

and other record evidence with or "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Panthi was not credible.

1. The agency reasonably determined that Panthi undermined her credibility when she could not identify other members of the Nepali Congress Party ("NCP") who had been attacked in the same incident. When asked specifically about a fellow NCP member who, according to Panthi's written statement, was killed that night, she explained that she thought the original question referred only to senior NCP members. But the original question contained no reference to rank or seniority, and the agency was not required to credit her explanation. *See Majidi*, 430 F.3d at 80. Even after the question was clarified, Panthi could not name the other NCP members who were harmed, including the one who submitted a letter in support of Panthi's asylum application. The agency reasonably found that this contradiction and lack of familiarity with her own evidence impaired her credibility. *See Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 74 (2d Cir. 2004)

3

*overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

2. The agency reasonably relied on inconsistencies between Panthi's written statement and testimony, on one hand, and letters from fellow NCP members, on the other. Panthi testified that she was attacked while she was alone, having separated from other NCP members; a letter from fellow NCP member indicates that they were attacked as a group. The agency's inference is tied to the language of the letters and we cannot make an inference to the contrary. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (affording deference to the agency's inference so long as it is "tethered to the evidentiary record" and explaining that "record support for a contrary inference—even one more plausible or more natural—does not suggest error").

Finally, Panthi challenges the agency's treatment of her corroborating evidence. Letters from fellow NCP members that were inconsistent with her version of events did not rehabilitate her testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility,

4

because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").  Moreover, the agency did not err in giving diminished weight to the letters from Panthi's father and fellow NPC members.  *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to diminished weight given to evidence "submitted by an interested witness"); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to evidence in immigration proceedings "lies largely within the discretion of the IJ" (internal quotation marks omitted)).

Given the inconsistencies relating to one of the main allegations of past harm, the agency's adverse credibility determination is supported by substantial evidence.  *See Xiu Xia Lin*, 534 F.3d at 165-66; *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006).  That determination is dispositive of Panthi's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk